UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRUNO RAMOS-NUNEZ,

    Defendant.

_____/

No. CR 11-241 PJH

**ORDER DENYING REQUEST FOR MODIFICATION OF CONDITIONS OR REVOCATION OF SUPERVISED RELEASE**

On July 6, 2011, the court imposed judgment against defendant Bruno Ramos-Nunez pursuant to entry of a guilty plea to one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326. The court sentenced defendant to 24 months imprisonment, supervised release for a term of 3 years, and $100 special assessment.

Defendant, appearing pro se, has filed a motion for modification of conditions or revocation of supervised release. Doc. no. 19. Alternatively, defendant asks the court to transfer a pending supervised release violation warrant to the Southern District of California. *Id*. at 6-7. Defendant represents that on June 19, 2013, he was found in the United States near the Arizona-Mexico border, and on June 28, 2013, he was convicted and sentenced to 180 days imprisonment for illegal reentry in violation of 8 U.S.C. § 1326. He further represents that he will be released from prison on December 23, 2013. Doc. no. 21. Defendant acknowledges that due to this recent conviction, he is in violation of his supervised release terms. Doc. no. 19 at 2. By asking the court to terminate the current supervised release term, it appears that defendant seeks modification or early termination of his supervised release conditions, rather than revocation which would "require the defendant to serve in prison all or part of the term of supervised release authorized by statute." 18 U.S.C. § 3583(e)(3). The government has not responded to the instant motion.

Modification or early termination of supervised release is governed by 18 U.S.C. § 3583(e), requiring the court to consider certain enumerated factors set forth in Section 3553(a) which "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).  After considering those § 3553(a) factors, the court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," pursuant to the applicable provisions of the Federal Rules of Criminal Procedure.  18 U.S.C. § 3583(e)(2).

In his motion, defendant argues that in November 2011, Section 5D1.1 of the United States Sentencing Guidelines was amended to add subsection (c), which states, "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  Defendant argues that this amendment "generally exempts deportable defendants from a term of Supervised release," and that deportable defendants are not reintegrated into the community and cannot be supervised by the Probation Department.  Doc. no. 19 at 3-4.  Defendant contends that he was prosecuted for his attempted re-entry, and that any further prosecution or punishment would be duplicative and contrary to the policy implemented by the Sentencing Commission in amending Section 5D1.1.  *Id.* at 6.

The court is not persuaded by defendant's arguments.  First, as defendant appears to concede, Section 5D1.1(c) was not in effect at the time of his sentencing, and does not govern here.  *See* 18 U.S.C. § 3553(a)(4)(A)(ii) (requiring the court to apply the Guidelines version "in effect on the date the defendant is sentenced").  Second, even if the court were to consider the amended Guidelines, the Ninth Circuit has held that the word "ordinarily" in Section 5D1.1(c) is not mandatory.  *United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012).  As the Ninth Circuit has recognized, "Application note 5 to Section 5D1.1 specifically instructs that a court should 'consider imposing a term of supervised release on

2

[a deportable alien] if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of [the] particular case.'" *Id.* at 692.  Here, defendant agreed in his plea agreement that "a reasonable and appropriate disposition of this case" would include 3 years of supervised release, "with one condition being that I may not reenter the United States illegally during my term of supervised release."  Doc. no. 12 ¶ 8(c).

For want of good cause, defendant's motion for modification of conditions or revocation of supervised release is DENIED.  Because defendant remains in custody and has not appeared before this court on a supervised release violation, defendant's motion, in the alternative, to transfer the "pending warrant" to the Southern District of California is DENIED as premature.

**IT IS SO ORDERED.**

Dated: November 26, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge